UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| GEORGE DAVID TOKMAN | CIVIL ACTION NO. 06-0150 |
|---|---|
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on January 23, 2006 by *pro se* petitioner George David Tokman. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana where he is serving a twenty year hard labor sentence imposed by the Thirty-Sixth Judicial District Court following petitioner's 1980 conviction on charges of armed robbery.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, along with the published jurisprudence of the United States and the States of Mississippi and Louisiana establish the following relevant facts:

On October 20, 1980 petitioner was convicted of armed robbery[1] in the Thirty-Sixth Judicial District Court for the State of Louisiana. [doc. 1-1, p. 1] On February 20, 1981 he was sentenced to serve twenty years at hard labor "without benefit of parole, probation, or suspension of sentence, but subject to such commutation as may be allowed by law and with credit for time served in custody prior to imposition of sentence." [doc. 1-2, pp. 2-3, Court Minutes] His conviction and sentence were affirmed by the Louisiana Supreme Court on April 5, 1982. *State of Louisiana v. George David Tokman*, 412 So.2d 561 (La. 1982).

On April 8, 1981, he was extradited to Mississippi to face trial on murder charges. [doc. 1-1, p. 12] In September 1981 he was convicted of capital murder[2] and sentenced to death in the Circuit Court of the First Judicial District of Hinds County, Mississippi. See *State of Mississippi*

---

[1] The facts of the case were stated by the Louisiana Supreme Court in their opinion of April 5, 1982: "On August 25, 1981 George Tokman and Mike Leatherwood robbed the Dollar General Store in Merryville while armed with a revolver. Defendant and Leatherwood, accompanied by Debra Perkins, a juvenile, were returning from Jackson, Mississippi when they decided to rob the store in Merryville. They parked the car on the side of the store, went inside and selected some clothing. When the only customer left the store, Tokman approached Mary McDaniels, a store clerk. Mrs. McDaniels bent down to pick up something on the floor, and when she stood up Tokman was pointing a gun at her. He asked her to move away from the cash register, and Leatherwood went behind the counter, took the money from the cash register and put it in a paper bag. Tokman then asked the clerk to go outside. She walked out of the store between Leatherwood and defendant, and she was then allowed to return to the store. Debra Perkins had remained in the back seat of the car with the engine running. Leatherwood, defendant and Perkins drove away; they divided the money, $238.00 to each." *State of Louisiana v. George David Tokman*, 412 So.2d 561, 562 (La. 1982).

[2] The facts of this case were stated by the Mississippi Supreme Court: "George David Tokman, Michael Leatherwood, and Jerry Fuson travelled from Fort Polk, Louisiana, to Jackson, on August 22, 1980, to retrieve Fuson's automobile. They ran out of money, and decided to rob a taxicab driver. Before a cab arrived they decided to kill the driver so that he could not identify them. The first taxi called was driven by a young, large man. He appeared too big and strong, so the trio rejected his taxi and called another. This one was driven by an elderly man, Albert Taylor, the victim. They directed Taylor to a Jackson address, but stopped him before arrival. A rope was placed around the driver's neck and he was pulled into the back seat. Tokman then drove the cab to the rear of Meadowbrook Cinema. Fuson left to get his car. Tokman and Leatherwood remained in the cab with Taylor. Taylor was repeatedly struck in the head and eventually killed. The record shows that Tokman struck him in the head with a knife, but the autopsy showed no stab wounds. The two men left the cab but returned to retrieve things they had forgotten. At this time Tokman struck Taylor again. At some point Tokman's hand was cut. Taylor was robbed of approximately $11.50, a pistol, his wallet, two money bags, and a set of keys. His body was found shortly after midnight on August 24, 1980." *State of Mississippi v. George David Tokman*, 564 So.2d 1339, 1340 (Miss. 1990).

*v. George David Tokman*, 564 So.2d 1339, 1340 (Miss. 1990). On June 1, 1983, his conviction and sentence were affirmed on direct appeal to the Mississippi Supreme Court. *George David Tokman v. State of Mississippi*, 435 So.2d 664 (Miss. 1983). His petition for writ of certiorari was denied by the United States Supreme Court on June 18, 1984. *George David Tokman v. State of Mississippi*, 467 U.S. 1256, 104 S.Ct. 3547, 82 L.Ed.2d 850 (1984).

Petitioner filed a Motion for Post-Conviction Relief in the Mississippi courts alleging ineffective assistance of counsel. *George David Tokman v. State of Mississippi*, 475 So.2d 457 (Miss. 1985); 482 So.2d 241 (Miss. 1986). An evidentiary hearing was convened in the district court and relief was granted as to the sentencing phase. Petitioner's death sentence was vacated, and the State appealed. On April 25, 1990, the Mississippi Supreme Court affirmed the judgment of the district court and remanded for a new sentencing hearing. See *State of Mississippi v. George David Tokman*, 564 So.2d 1339 (Miss. 1990).

Petitioner was ultimately re-sentenced and served approximately 24 years in the custody of that Mississippi's corrections system. [doc. 1-1, p. 12] On February 28, 2005 he was released on parole from the Mississippi charges and returned to the custody of the Louisiana Department of Public Safety and Corrections. [doc. 1-1, p. 14]

On February 3, 2004 petitioner filed a Motion to Correct an Illegal Sentence in Louisiana's Thirty-Sixth Judicial District Court. [doc. 1-1, p. 12] Therein he alleged that his Louisiana "sentence was illegal because it had been executed, ran unabated and expired against [his] lengthier Mississippi imprisonment as a matter of fact and law." He also argued that his Louisiana sentence was concurrent to the Mississippi sentence under state law and the United States Constitution. [id., p. 13]

On August 25, 2004, the district court denied petitioner's motion, stating

> this court recognizes Article 883 of the Louisiana Code of Criminal Procedure is controlling and would mandate that the sentence in this jurisdiction for armed robbery would run consecutive to any sentence for murder thereafter imposed in the State of Mississippi, and hereby orders that the said Louisiana sentence imposed on or about February 20, 1981, shall run consecutively to the defendant's subsequent Mississippi murder sentence.

[doc. 1-2, p. 1]

Petitioner filed an Application for Supervisory and/or remedial writs in the Louisiana Supreme Court and, on December 16, 2005 that court denied writs. *State of Louisiana ex rel. George David Tokman v. State of Louisiana*, 2005-1876 (La. 12/16/2005), 917 So.2d 1119.

On or about January 18, 2006 petitioner filed his federal *habeas corpus* petition arguing two grounds for relief: "My custody is in violation of the fundamental principles of liberty and justice because my 20-year sentence imposed on me in 1981 has expired" and "I was denied a full and fair hearing in State Court in violation of the 14th Amendment." [doc. 1-1, p. 2]

On or about March 9, 2006 petitioner filed a "Motion for an Order to Stay *Habeas* Proceeding in Order to Seek *Certiorari* in the United States Supreme Court." [doc. 7-1]

## LAW AND ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[3] provides for prompt review and examination of *habeas* petitions by the court and further states, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its

---

[3] Petitioner claims that his petition is filed pursuant to 28 U.S.C. §2241(C)(3) because he claims to be in custody in violation of the Constitution of the United States. [doc. 1-1, p. 1] Rule 1(a)(1) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. §2254 by: (1) a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution..." Rule 1(b) provides, "The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

summary dismissal and cause the petitioner to be notified." Citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), the Advisory Committee Notes following Rule 4 state, "under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." A review of the petition and exhibits establishes that petitioner is not entitled to relief.

### 1. Has the Louisiana sentence expired?

La. C.Cr.P. art. 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. <u>Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.</u> In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

La. C.Cr.P. art. 883.1 provides:

> A. <u>The sentencing court may specify that the sentence imposed be served concurrently with a sentence imposed by a federal court or a court of any other state and that service of the concurrent terms of imprisonment in a federal correctional institution or a correctional institution of another state shall be in satisfaction of the sentence imposed in this state in the manner and to the same extent as if the defendant had been committed to the Louisiana Department of Public Safety and Corrections for the term of years served in a federal correctional institution or a correctional institution of another state.</u> When serving a concurrent sentence in a federal correctional institution or a correctional institution of another state, the defendant shall receive credit for time served as allowed under the laws of this state.
>
> B. Whenever sentence is imposed under the provisions of this Article, the court shall order that the defendant be remanded to the custody of the sheriff of the parish in which the conviction was had

> in the event that the terms of imprisonment to which the defendant is sentenced in the foreign jurisdiction terminates prior to the date on which the sentence imposed in this state is to terminate.
>
> C. In every case where a sentence at hard labor is imposed under the provisions of this Article, the court shall order that a certified copy of the court minutes and court order be forwarded to the Louisiana Department of Corrections. Should the defendant complete his term of imprisonment during his incarceration in the other jurisdiction, the department shall forward a copy of the discharge papers to the sheriff in the parish of conviction and to the appropriate authorities having physical custody of the defendant.

Petitioner has provided a copy of the minutes of the sentencing proceedings in the Louisiana court. The minutes were silent as to the issue of whether or not the Louisiana sentence would be consecutive or concurrent with the yet to be imposed Mississippi sentence. [doc. 1-2, pp. 2-3] Therefore, under the clear terms of the statutes, and in the absence of a specific order to the contrary, the Louisiana and Mississippi sentences were meant to be served consecutively.[4]

Petitioner admits that he was extradited to Mississippi shortly after he began serving his Louisiana sentence. [see doc. 1-1, p. 12, "On or about April 8, 1981, while my [Louisiana] sentence was still being served, I was extradited to Mississippi to face a murder charge that was lodged against me while the criminal proceedings were ongoing in this state."]. As further noted by petitioner, "Instead of being returned to Louisiana when the Mississippi prosecution terminated in accord with my extradition agreement, I remained in Mississippi roughly 24 years." [id.] A sovereign does not lose its power to keep a convict in custody by turning the convict

---

[4] This was in fact the finding of the Louisiana District Court which denied petitioner's motion to correct an illegal sentence. Judge Stewart merely recognized that La. C.Cr.P. art. 883 controlled the issue of whether or not the Louisiana sentence should have been interpreted to be concurrent with the Mississippi sentence. Since the sentencing judge did not "expressly direct" a concurrent sentence, Judge Stewart reasoned correctly that art. 883 "would mandate that the sentence ... would run consecutive to any sentence for murder..."

over to another sovereign for service of a sentence. *Floyd v. Henderson*, 456 F.2d 1117 (5th Cir. 1972); *Mitchell v. Boen*, 194 F.2d 405, 407 (10th Cir. 1952). "[T]he question of jurisdiction and custody is one of comity between the two governments and not a personal right of the prisoner." *Jones v. Taylor*, 327 F.2d 493, 493-94 (10th Cir.), *cert. denied*, 377 U.S. 1002, 84 S.Ct. 1937, 12 L.Ed.2d 1051 (1964), cited with approval in *Floyd v. Henderson*, 456 F.2d at 1119.

If a defendant is in the custody of one state and he is turned over to federal authorities or to the authorities of another state for prosecution, the original state's loss of jurisdiction is only temporary. The prisoner must be returned to the original state's custody at the completion of the proceedings or the sentence if either the second state or federal government wish to execute to their sentence immediately. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir.1980).

Moreover, having violated the criminal laws of both Mississippi and Louisiana, petitioner "may not complain of the order in which he [is] . . . punished for such offenses." *Id.* at 694 (citations and internal quotations omitted); see also, *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002). Indeed, it appears that petitioner lacks standing to contest the agreement between Mississippi and Louisiana concerning the execution of both states' sentences. When the authorities of one sovereign surrender a prisoner to the authorities of another sovereign, whether for trial, sentence, or even for <u>execution of sentence</u> before he is to be returned to the custody of the first state, the prisoner has no standing to contest the agreement between the sovereigns as to the order of execution of sentences; that is, he may not challenge either his original removal from state custody, or his return thereto after the completion of the sentence imposed by the other sovereign. *Bullock v. State of Miss.*, 404 F.2d 75 (5th Cir.1968).

## 2. Due Process

Petitioner also claims that he was denied due process when the state court failed to convene a full hearing on his Motion to Correct an Illegal Sentence. The State of Louisiana has no constitutional duty to provide post conviction remedies. *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.1987) Therefore, "infirmities in state *habeas* court proceedings do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.1999).[5] Petitioner's due process argument fails to state a claim for which relief may be granted.

## 3. Request for Stay Pending Application for *Certiorari* in Supreme Court

Finally, petitioner requests a stay of these proceedings while he seeks United States Supreme Court review of the December 16, 2005 judgment of the Louisiana Supreme Court. [doc. 7-1]

Stays in *habeas corpus* matters are governed statutorily by the provisions of F.R.C.P. Rule 62 and 28 U.S.C. §§ 2251 and 2262.

In general, stays are also permitted in the proper exercise of a district court's discretion as incident to its power to control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137

---

[5] In *Trevino*, the Fifth Circuit confronted allegations similar to those raised herein by the petitioner. As summarized by the court: "Specifically, Trevino argues that he was denied due process in his state *habeas* proceeding because the state *habeas* court adopted the district attorney's proposed findings of fact and conclusions of law only three hours after they were filed with the court. We cannot grant Trevino a COA on this issue. Our circuit precedent makes clear that Trevino's 'claim fails because infirmities in state *habeas* proceedings do not constitute grounds for relief in federal court.' *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.), cert. denied, Johnson v. Monroe, 522 U.S. 1003, 118 S.Ct. 576, 139 L.Ed.2d 415 (1997); see *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) ('An attack on a state habeas proceeding does not entitle the petitioner to *habeas* relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.') (internal quotation marks omitted); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir.1992) (same); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.1987) (same); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir.1984) (denying petitioner a certificate of probable cause because '[i]nfirmities in state *habeas corpus* proceedings do not constitute grounds for federal *habeas* relief')."

L.Ed.2d 945 (1997). Stays have also been approved by the Supreme Court to permit *habeas* petitioners the opportunity to exhaust unexhausted state claims raised in "mixed petitions." *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Petitioner has not shown that he is eligible for a stay of these proceedings under any of the statutes or rules cited above. Nor has he shown good cause for the court to exercise its discretion. His request for a stay of these proceedings should be denied.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because it appears from the petition and exhibits that petitioner is not entitled to relief;

**IT IS FURTHER RECOMMENDED** that petitioner's Motion for Stay [doc. 7-1] be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,*

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of May, 2006.**

                                                ALONZO P. WILSON
                                                UNITED STATES MAGISTRATE JUDGE